*HUGHES* vs, *HARRISON*.

WesternDis.
*October* 1828.

**APPEAL** from the court of the seventh district, the judge of said court presiding.

PORTER, J. delivered the opinion of the court. The appellant assigns as error of law apparent on the face of the record:—a judgment against her for the whole amount of a note executed by her jointly and severally with her husband, the consideration of said note as expressed on the face of it, "being the amount of articles furnished them, for their, and plantation use, as per account rendered."

The plaintiff contends, this error might have been corrected by evidence introduced on the trial: it was open to him to prove the whole of the note was for the benefit of the wife.

Married women cannot under any circumstances become sureties for their husbands. It is alleged in the petition that part of the consideration of the obligation, was a ebt of the husbands, for so we understand the expression, *for their and plantation use.* No evidence could have been legally received to contradict this allegation of the plaintiff's. The apparent error therefore could not have been corrected by proof.

*Married women cannot, under any circumstances, become sureties for their husbands.*

The case must be remanded in order that it may be ascertained what part of the consideration of the note was received by the wife.

At the close of the argument an objection was raised that there was nothing appearing on record which established the appellant, to be married to the person with whom she signed the note—all the papers in the case are entitled "Harrison and wife." The citation is directed to Mrs. Harrison. The plaintiff in his petition states her to have signed the note with the consent and approbation of Benjamin Harrison. From all these facts and circumstances, we cannot resist the conviction, that she is the wife of her co-obligor, and we yield our assent to this impression the more readily, because as we remand the case, an error on that side will only delay the plaintiff; a mistake on the other would forever deprive the appellant of the protection the law affords her.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that the case be remanded to the district court to be

proceeded in according to law. The appel-
lee paying the costs of this appeal.

*Scott & Winn* for the plaintiff—*Downs & Flint* for the defendant.